# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SHARON BUSHMAN, et al.,<br><br>Defendants. | Case No. 1:22-cv-01167-ADA-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SUPPLEMENT MOTION TO SERVE BY PUBLICATION<br><br>(ECF No. 15)<br><br>**TEN DAY DEADLINE** |

Currently before the Court is Plaintiff's motion to allow service by publication on Defendant Sharon Bushman, filed on December 28, 2022. (ECF No. 15.) Plaintiff seeks to serve by publication pursuant to Federal Rule of Civil Procedure 4(e)(1), and California Code of Civil Procedure Section 415.50. The opposition period has now expired and no opposition to the motion has been filed.[1]

As cited in the Plaintiff's moving papers, the California Code of Civil Procedure provides that: "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable

---

[1] While Plaintiff filed the motion as an administrative motion under Local Rule 233, it is not clear whether a motion to serve by publication is properly brought under that Rule. See L.R. 233 ("Miscellaneous administrative matters which require a Court order may be brought to the Court's attention through a motion for administrative relief. Examples of matters that such motions may address include motions to exceed applicable page limitations; requests to shorten time on a motion; requests to extend a response deadline; requests to alter a briefing schedule; or requests to alter a discovery schedule that does not affect dispositive motion filing dates, trial dates, or the final pre-trial conference."). The opposition period has expired under Local Rule 233, or Local Rule 230(c).

diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1). "Under California law, '[c]onsistent with the notions of fair play and due process, substituted service by publication is a last resort when reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication has been exercised.' " Indian Hills Holdings, LLC v. Frye, 337 F.R.D. 293, 299 (S.D. Cal. 2020) (quoting Calvert v. Al Binali, 29 Cal.App.5th 954, 963 (2018) (alteration in quoting source)). " 'Personal service remains the method of choice under the statutes and the constitution,' and '[w]hen substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required.' " Id.

"For the purpose of service by publication, the existence of a cause of action is a jurisdictional fact." Harris v. Cavasso, 68 Cal.App.3d 723, 726 (1977). The requesting party must submit an affidavit containing a statement of some fact that would be legal evidence that the cause of action exists for the court to have jurisdiction to order service by publication. Harris, 68 Cal.App.3d at 726. "When jurisdiction is sought to be established by constructive service, the statutory conditions for such service must be strictly complied with or the judgment is subject to collateral attack." Donel, Inc. v. Badalian, 87 Cal.App.3d 327, 334 (1978).

As this Court has previously noted, "[t]he affidavit filed in support of the motion for substitute service must contain independent evidentiary support in the form of a sworn statement of facts to support a cause of action against the defendant, and if it does not, the Court does not have jurisdiction to order service by publication." Colonize Media, Inc. v. Palmer, No. 120CV01053DADSAB, 2021 WL 1839697, at *3 (E.D. Cal. May 7, 2021) (citing Harris, 68 Cal.App.3d at 726–27; Indian Hills Holdings, LLC, 337 F.R.D. at 302). This Court recently ordered supplemental briefing regarding a similar motion for publication, where the existence of a cause of action was not addressed at all in the initial motion. Scottsdale Insurance Company v. Buehner, Case No. 1:22-cv-00869-JLT-SAB, (ECF No. 17). Thereafter, the plaintiff submitted a declaration of a claims representative for the insurance company, and the Court granted the motion for service by publication. (ECF Nos. 20, 21.)

1  Here, Plaintiff does address the legal requirement in both the briefing, as well an attached

2 declaration of counsel.  (See ECF No. ; Decl. John T. Burnite ¶¶ 2-3, ECF No. 15-1.)  Plaintiff

3 generally states there is a cause of action against Defendant Sharon Busman as evidenced by the

4 complaint on file, and generally describes the nature of the action:

> This application is made on the grounds that American General has stated a cause of action against Defendant Sharon Bushman, as evidenced by the Complaint on file . . . American General filed its Complaint in Interpleader on September 13, 2022 against Sharon Bushman, Heather K. Litz, and Micklos Lemons. ECF No. 1.  The matter involves competing claims to payments due under a structured settlement annuity. *See* ECF No. 1, ₱ 27. . . . Sharon Bushman is the current payee to certain of the annuity payments. *Id.*, ₱ 16. Micklos Lemons, through his court appointed guardian, has contested payment of the annuity payments to Sharon Bushman and Heather K. Litz. *Id.*, ₱ 27..)

11 (ECF No. 15 at 2.)  The declaration provides essentially the same information regarding the filed

12 complaint in this action.

13  The Court does not believe simply referring to the existence of the complaint in this

14 action is sufficient under California law, even by affidavit.  This situation appears somewhat

15 analogous to the circumstances in <u>Harris</u>:

> Contrary to plaintiffs' assertion, the verification of the complaint by plaintiffs' counsel on his information and belief is no substitute for the sworn statement of facts which section 415,50 requires of the affiant. Prior to the 1969 revision of the statutory scheme governing service of process, the position taken by plaintiffs would have been correct. The predecessor statute (former Code Civ.Proc., s 412) expressly allowed the showing of a cause of action to be made Either by separate affidavit or by the Verified complaint itself. In 1969, however, upon enactment of section 415.50, the latter alternative was omitted, and the new section on its face permits such showing to be made only by affidavit. Upon such legislative action there arises a presumption that a substantial change in the law was intended [citation]
>
> For the purpose of service by publication, the existence of a cause of action is a jurisdictional fact. (Columbia Screw Co. v. Warner Lock Co. (1903) 138 Cal. 445, 448, 71 P. 498; Forbes v. Hyde, supra, 31 Cal. at p. 353.) 'An affidavit in proper form . . . is a jurisdictional basis of the order for publication: '(T)here must be an affidavit containing a statement of some fact which would be legal evidence, having some appreciable tendency to make the jurisdictional fact appear, for the Judge to act upon before he has any jurisdiction to make the order. Unless the affidavit contains some such evidence tending to **\*727** establish every material jurisdictional fact, the Judge has no legal authority to be satisfied,

> and, if he makes the order, he acts without jurisdiction, and all proceedings based upon it are void. (Citations.)" (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, s 639, pp. 1431—1432.)

Harris, 68 Cal. App. 3d at 726–27; see also Indian Hills Holdings, LLC, 337 F.R.D. at 302 ("In other words, Section 415.50(a)(1) requires that the plaintiff provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against each defendant whom service by publication is requested." (quoting Rose v. Seamless Fin. Corp. Inc., No. 11CV240 AJB KSC, 2013 WL 1285515, at *3 (S.D. Cal. Mar. 26, 2013))).

The Court does not opine whether counsel can properly make such affidavit in this case, however, generally the plaintiff makes the affidavit as to the cause of action. See Judicial Council Comments, Cal. Civ. Proc. Code § 415.50 ("The plaintiff himself need not execute the affidavit. Affidavits of several persons having personal knowledge of the pertinent facts are appropriate under various circumstances . . . For example, the sheriff or other process server should make the affidavit that the defendant could not be found and personally served; the plaintiff or his attorney or other agent may make the affidavit as to a thorough but unsuccessful search for the defendant; and generally the plaintiff himself makes an affidavit as to the cause of action.").

The standards are strict for service by publication, and the Court shall order a supplemental affidavit, or alternatively briefing that addresses the legal standards herein if Plaintiff believes the affidavit as submitted is sufficient.

Accordingly, IT IS HEREBY ORDERED that **within ten (10) days of entry of this order**, Plaintiff shall submit a supplemental affidavit and/or a supplemental brief addressing the legal standards and requirements discussed in this order.

IT IS SO ORDERED.

Dated:  **January 19, 2023**

UNITED STATES MAGISTRATE JUDGE