# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHARON BUSHMAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01167-ADA-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SERVE BY PUBLICATION AND EXTENDING TIME TO COMPLETE SERVICE<br><br>(ECF No. 15) |

**I.**

**INTRODUCTION**

Currently before the Court is Plaintiff's motion to allow service by publication on Defendant Sharon Bushman, filed on December 28, 2022. (Pl.'s Mot. Serve Publication ("Mot."), ECF No. 15.) Plaintiff seeks to serve by publication pursuant to Federal Rule of Civil Procedure 4(e)(1), and California Code of Civil Procedure Section 415.50. The opposition period has now expired and no opposition to the motion has been filed.[1] Based on the moving papers, the supplemental declaration, and the Court's records, Plaintiff's motion shall be granted.

---

[1] While Plaintiff filed the motion as an administrative motion under Local Rule 233, it is not clear whether a motion to serve by publication is properly brought under that Rule. See L.R. 233 ("Examples of matters that such motions may address include motions to exceed applicable page limitations; requests to shorten time on a motion; requests to extend a response deadline; requests to alter a briefing schedule; or requests to alter a discovery schedule that does not affect dispositive motion filing dates, trial dates, or the final pre-trial conference."). The opposition period has expired under Local Rule 233, as well as Local Rule 230(c) governing general civil motions.

## II.

## BACKGROUND

On September 13, 2022, American General Life Insurance Company ("Plaintiff" or "American General") filed this interpleader action against Sharon Bushman ("Bushman"), Heather K. Litz, and Micklos Lemons. (Compl., ECF No. 1.) The matter involves competing claims to payments due under a structured settlement annuity. (Compl. ¶ 27.) Bushman is the current payee to certain of the annuity payments. (Id. at ¶ 16.) Micklos Lemons, through his court appointed guardian, has contested payment of the annuity payments to Bushman and Heather K. Litz. (Id. at ¶ 27.)

Summonses were issued on September 14, 2022. (ECF No. 4.) Waivers of service were returned executed on October 17, 2022, for Defendants Heather K. Litz, and Micklos Lemons. (ECF Nos. 6, 7.)

On November 16, 2022, the Court granted Plaintiff's motion to continue the scheduling conference to allow for continued attempts to serve Bushman. (ECF No. 12.) On December 14, 2022, the Court granted Plaintiff's motion to enlarge the time to complete service under Federal Rule of Civil Procedure 4(m), extending the deadline to complete service on Bushman until February 1, 2023. (ECF No. 14.)

On December 28, 2022, Plaintiff filed the motion to serve by publication that is currently before the Court, as well as a declaration of counsel. (Mot., ECF No. 15; Decl. John T. Burnite Supp. Mot. ("Burnite Decl."), ECF No. 15-1.) On January 20, 2023, the Court ordered Plaintiff to file a supplemental declaration or briefing in support of the motion, within ten days. (ECF No. 17.) On January 24, 2023, Plaintiff filed a supplemental declaration. (Suppl. Decl. Jeff Reinbold Supp. Mot. ("Reinbold Decl."), ECF No. 19.)

## III.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, an individual can be served by any of the following: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with

someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Rule 4 also provides that proper service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

The California Code of Civil Procedure provides that: "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1).

"Under California law, '[c]onsistent with the notions of fair play and due process, substituted service by publication is a last resort when reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication has been exercised.'" Indian Hills Holdings, LLC v. Frye, 337 F.R.D. 293, 299 (S.D. Cal. 2020) (quoting Calvert v. Al Binali, 29 Cal.App.5th 954, 963 (2018) (alteration in quoting source)). " 'Personal service remains the method of choice under the statutes and the constitution,' and '[w]hen substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required.'" Id.

Service by publication can be effectuated under California law as follows:

> (b) The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party. The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons. Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period.

1  Cal. Civ. Proc. Code § 415.50(b); see also Cal. Gov't Code § 6064 ("Publication of notice
2  pursuant to this section shall be once a week for four successive weeks.  Four publications in a
3  newspaper regularly published once a week or oftener, with at least five days intervening
4  between the respective publication dates not counting such publication dates, are sufficient.").

## IV.

## DISCUSSION

Plaintiff proffers it has made diligent efforts to effectuate service on Bushman but has been unsuccessful.  Plaintiff moves the Court for authorization to serve Defendant Bushman by publication.  The Court first considers whether a "cause of action exists against" the Unserved Defendant. Cal. Civ. Proc. Code § 415.50(a)(1).

### A.  The Court Finds a Cause of Action Exists against Bushman

Under California law, "[f]or the purpose of service by publication, the existence of a cause of action is a jurisdictional fact." Harris v. Cavasso, 68 Cal.App.3d 723, 726 (1977).  The requesting party must submit an affidavit containing a statement of some fact that would be legal evidence that the cause of action exists for the court to have jurisdiction to order service by publication. Harris, 68 Cal.App.3d at 726.  "When jurisdiction is sought to be established by constructive service, the statutory conditions for such service must be strictly complied with or the judgment is subject to collateral attack." Donel, Inc. v. Badalian, 87 Cal.App.3d 327, 334 (1978).

As this Court has previously noted, "[t]he affidavit filed in support of the motion for substitute service must contain independent evidentiary support in the form of a sworn statement of facts to support a cause of action against the defendant, and if it does not, the Court does not have jurisdiction to order service by publication." Colonize Media, Inc. v. Palmer, No. 120CV01053DADSAB, 2021 WL 1839697, at *3 (E.D. Cal. May 7, 2021) (citing Harris, 68 Cal.App.3d at 726–27; Indian Hills Holdings, LLC, 337 F.R.D. at 302; see also 337 F.R.D. at 302 ("In other words, Section 415.50(a)(1) requires that the plaintiff provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against each defendant whom service by publication is requested." (quoting Rose v.

1  Seamless Fin. Corp. Inc., No. 11CV240 AJB KSC, 2013 WL 1285515, at *3 (S.D. Cal. Mar. 26,
2  2013))).  Generally the plaintiff directly makes the affidavit as to the cause of action.  See
3  Judicial Council Comments, Cal. Civ. Proc. Code § 415.50 ("The plaintiff himself need not
4  execute the affidavit.  Affidavits of several persons having personal knowledge of the pertinent
5  facts are appropriate under various circumstances . . . [f]or example, the sheriff or other process
6  server should make the affidavit that the defendant could not be found and personally served; the
7  plaintiff or his attorney or other agent may make the affidavit as to a thorough but unsuccessful
8  search for the defendant; and generally the plaintiff himself makes an affidavit as to the cause of
9  action.").

10  Here, Plaintiff addressed the presence of a cause of action in the initial briefing and
11 attached affidavit of counsel.  (See Mot. 2; Burnite Decl. ¶¶ 2-3.)  The Court found the affidavit
12 did not appear sufficient under California law, Harris, 68 Cal. App. 3d at 726–27, and ordered
13 Plaintiff to file a supplemental affidavit, or a supplemental brief if Plaintiff took the position the
14 initial filing was sufficient.  Plaintiff filed a supplemental affidavit, which the Court now turns
15 to.

16  Plaintiff submits the declaration of Jeff Reinbold ("Reinbold"), Vice President, Head of
17 Structured Settlement Operations—Institutional Markets Group, for American General Life
18 Insurance Company and American General Annuity Service Corporation ("American General").
19 (Reinbold Decl. ¶ 1.)  In such capacity, Reinbold is familiar with American General's records
20 relating to Annuity No. 199934.  (Id.)  Effective September 15, 1982, Western National Life
21 Insurance Company issued annuity No. 199934 (the "Annuity") in connection with Michael Linn
22 Lemons' settlement of a personal injury lawsuit to which American General was not a party.  (Id.
23 at ¶ 2.)  To fund its obligation to make certain payments in accordance with the settlement,
24 Interstate Fire and Casualty Company ("IFCC") purchased the Annuity from American General,
25 naming Michael Linn Lemons as the annuitant and measuring life.  (Id. at ¶ 3.)  The Annuity
26 directs certain guaranteed payments to be made, including the following: (a) one (1) lump sum
27 payment of $100,000.00 due on September 15, 2012; (b) one (1) lump sum payment of
28 $100,000.00 due on September 15, 2017; (c) one (1) lump sum payment of $100,000.00 due on

1  September 15, 2022; (d) one (1) lump sum payment of $100,000.00 due on September 15, 2027;
2  and (e) one (1) lump sum payment of $100,000.00 due on September 15, 2032 (the "Annuity
3  Payments"). (Id. at ¶ 4.)

4        The declaration then provides the Court detailed information concerning the events that
5  occurred between November of 1992, and 2022. (Id. at ¶ 5-31.) Specifically, that "[f]ollowing
6  Michael's death, American General provided death claim paperwork to the designated
7  beneficiaries, Freda and Sharon," and "[u]pon receipt of completed death claim paperwork,
8  American General split the Annuity Payments equally between Freda and Sharon (the "Freda
9  Annuity Payments" and the "Sharon Annuity Payments")." (Id. at ¶¶ 12-13.) Reinbold also
10 declares that: American General stands ready to deliver the remaining Annuity Payments upon
11 order from this Court regarding the proper direction and/or payee of payments; American
12 General is a neutral stakeholder that has acted in good faith with respect to Defendants and has
13 no interest in how this Court ultimately determines their respective rights to the remaining
14 Annuity Payments; Sharon Bushman, the current payee of the Sharon Annuity Payments, is a
15 necessary and proper party to this interpleader action; and that unless all persons with claims to
16 the Annuity Payments, specifically Sharon Bushman, Heather Litz, and Micklos Lemons, are
17 named as defendants in this interpleader action, American General will remain exposed to the
18 potential for double or multiple liability in relation to its payment of the Annuity Payments. (Id.
19 at ¶¶ 32-35.)

20       This matter involves competing claims to payments due under a structured settlement
21 annuity. (Compl. ¶ 27.) Bushman is the current payee to certain of the annuity payments. (Id. at
22 ¶ 16.) Micklos Lemons, through his court appointed guardian, has contested payment of the
23 annuity payments to Bushman and Heather K. Litz. (Id. at ¶ 27.) Based on the affidavit
24 provided by Reinbold, an agent of the Plaintiff, the Court concludes Plaintiff has provided
25 evidence of the existence of a cause of action against the Sharon Bushman, sufficient for the
26 purpose of service by publication. See Harris, 68 Cal.App.3d at 726-27; Indian Hills Holdings,
27 LLC, 337 F.R.D. at 302.
28 / / /

B.   **The Court Finds Reasonable Diligence**

When a person is entitled to due process, process which is a mere gesture is not sufficient. Donel, Inc., 87 Cal.App.3d at 332; Watts v. Crawford, 10 Cal.4th 743, 749 n.5 (1995). Service by publication is appropriate only where after reasonable diligence, the defendant's whereabouts and his dwelling place or usual place of abode cannot be ascertained. Watts, 10 Cal.4th at 749 n.5. However, service by publication is a "last resort," so the courts require a plaintiff "to show exhaustive attempts to locate the defendant." Id. "Reasonable diligence" in attempting to serve by other methods connotes:

> [A] thorough, systematic investigation and inquiry conducted in good faith . . . . A number of honest attempts to learn defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of an employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication. However, the showing of diligence in a given case must rest on its own facts and neither single formula nor mode of search can be said to constitute due diligence in every case.

Kott v. Superior Court, 45 Cal.App.4th 1126, 1137–38 (1996) (internal citations and quotations omitted); THC-Orange Cty. Inc. v. Valdez, No. 17-CV-01911-LB, 2017 WL 2171185, at *2 (N.D. Cal. May 17, 2017) (California requires exhaustive measures "to discover the defendant's whereabouts and confirm his property holdings, including: 'searching phone books, online people search tools, voter registries, or other common sources of information, or by hiring a private investigator'; 'contacting relatives, friends, or neighbors'; and contacting the co-defendant (who had been served) for the defendant's contact information.") (quoting Castillo-Antonio v. Azurdia, No. C-13-05709 DMR, 2014 WL 4060219 (N.D. Cal. Aug. 14, 2014)).

Plaintiff submits that despite diligent efforts, it has been unable to serve Bushman. (Mot. 2.) On September 15, 2022, American General mailed via First Class Mail and via Certified Mail Return Receipt Requested Notice of a Lawsuit and Request to Waive Service of Summons packets ("Notice Packets") to Bushman. (Burnite Decl. ⁋ 4.) On October 17, 2022, the Notice Packet sent via certified mail to Bushman was returned. (Id.) American General used Accurint

1  to identify 1022 S 9th Street, Fresno, California 93702-3447 as another address for Bushman.
2  (Id. at ¶5.) On October 4, 2022, American General mailed a second Notice Packet via First Class
3  Mail and via Certified Mail Return Receipt Requested to this newly identified address. (Id. at ¶
4  6.) Neither packet was returned as undeliverable. (Id.)

5  American General retained a process server to personally serve Sharon. (Id. at ¶ 7.) On
6  November 4, 2022, the process server attempted service at 1022 South 9th Street, Fresno,
7  California, but no one answered the door. (Id. at ¶ 8.) The process server reattempted service at
8  this address on November 5, 2022 and was advised that Sharon was unknown at the address.
9  (Id.) On November 11, 2022, the process server attempted service at 7507 E. Belmont Avenue,
10 Fresno, California 93737. (Id.) The owner of 7505 E Belmont Avenue advised that 7507 E.
11 Belmont Avenue is their backhouse that they rent on AirBnB but that nobody lives there
12 permanently, and the owner was unfamiliar with Sharon. (Id.)

13 On November 16, 2022, American General hired a private investigator to locate Sharon
14 Bushman. (Id. at ¶ 9.) The private investigator identified two additional potential addresses for
15 Sharon Bushman, 925 Loughborough Drive, Apt. 121, Merced, California 95348 and 1738 E.
16 Emerald Avenue, Fresno, California 93720. (Id.) The process server attempted service at 925
17 Loughborough Drive, Apt. 121, Merced, California 95348 on four different occasions beginning
18 December 1, 2022 through December 4, 2022, but no one answered the door and the process
19 server did not see cars nor any other activity at the location. (Id. at ¶ 11.) The process server
20 attempted service at 1738 E. Emerald Avenue, Fresno, California 93720 on December 6, 2022,
21 and the process server was advised through a video doorbell that Sharon was unknown at that
22 address. (Id.)

23 The Court finds Plaintiff has submitted evidence sufficient to demonstrate it has been
24 diligently attempting to serve Bushman with the summons and complaint. Accordingly, the
25 Court finds Plaintiff has adequately shown exhaustive efforts and reasonable diligence sufficient
26 to support granting Plaintiff's motion to serve by publication. See Cal. Civ. Proc. Code §
27 415.50(a)(1); Watts, 10 Cal.4th at 749 n.5; THC-Orange Cty., 2017 WL 2171185, at *2.

28 Plaintiff requests authorization to serve by publication in the Fresno Bee, proffered by the

newspaper to be the "primary news source for the central San Joaquin Valley, covering a six-county area." (Mot 5, citing https://www.fresnobee.com/customer-service/about-us/article19134945.html (last accessed January 25, 2023).) The website also provides that "The Fresno Bee's circulation area covers approximately 18,000 square miles," and that "[f]or 15 consecutive years, The Bee ranked first in penetration of its Newspaper Designated Market among all California newspapers with more than 100,000 circulation." (Id.)

The Court finds that publication in the Fresno Bee to be a sufficient method for service. See Cal. Civ. Proc. Code § 415.50(b); Cal. Gov't Code § 6064.

### C. The Court Finds Good Cause to Extend the Time to Complete Service

The Court notes that the current deadline to serve Bushman expires on February 1, 2023. (ECF No. 14.) Based on the above record demonstrating efforts and diligence by Plaintiff to serve Bushman, the Court finds good cause to extend the time to complete service in this action. Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Accordingly, the Court shall extend the deadline to complete service to allow for adequate time for Plaintiff to serve by publication.

## V.
## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The deadline for Plaintiff to complete service on Defendant Sharon Bushman, is extended for sixty (60) days after the entry of this order;
2. Plaintiff's motion to serve by publication, (ECF No. 15), is GRANTED;
3. Plaintiff shall begin the process of serving Defendant Sharon Bushman by publication in The Fresno Bee, within fifteen (15) days of the date of entry of this Order in accordance with the requirements of California Civil Procedure Code § 415.50(b) and California Government Code § 6064;
4. If Defendant Sharon Bushman's address is ascertained prior to the expiration of the time prescribed for publication of the summons, a copy of the summons and

9

complaint and of the order for publication shall immediately be personally served upon or mailed to the Defendant Bushman; and

5. This order does not preclude service upon Defendant Bushman in any other matter specified in Federal Rule of Civil Procedure 4 or Code of Civil Procedure sections 415.10 through 415.30, which service supersedes the service by publication.

IT IS SO ORDERED.

Dated: **January 25, 2023**

UNITED STATES MAGISTRATE JUDGE